DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The trial court found Edna N. Canter (kna Barnhouse), defendant below and appellant herein, guilty of two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1).[1]
Appellant assigns the following error for review:
 "THE TRIAL COURT'S IMPOSITION OF A SENTENCE GREATER THAN THE MINIMUM IS NOT SUPPORTED BY THE RECORD."
Neither of the parties disputes the underlying facts or the tragedy of the case at bar. On May 24, 2000, appellant was driving a vehicle while under the influence of alcohol. As she drove down a dark road, in the rain, she travelled left of the centerline and caused a head-on collision with Twila Baker's vehicle. Both Baker and appellant's passenger, Stephen Barnhouse (now appellant's husband), suffered injuries.
Approximately forty-five days after the accident, Baker died. Her death resulted from a severe brain infection that she contracted while in the hospital undergoing care for the injuries that she received in the collision. Because Baker had not suffered any head injuries at the time of the collision, whether the brain infection was connected to the accident was uncertain.
On August 10, 2000, the Athens County Grand Jury returned an indictment charging appellant with one count of aggravated vehicular homicide, in violation of R.C. 2903.08(A)(1) (count one of the indictment), and two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1) (counts two and three). Appellant pled not guilty to the charges.
On April 20, 2001, the trial court held a change of plea hearing. At the change of plea hearing, the state informed the court that in exchange for appellant's guilty plea, it agreed to amend count one of the indictment to charge aggravated vehicular assault, rather than aggravated vehicular homicide. The state noted that the coroner's report regarding Baker's death could not establish a direct link between appellant's criminal act and Baker's death. The state also agreed to dismiss count three of the indictment because it discovered that the victim, a child in Baker's vehicle, did not suffer serious physical harm. The state further asserted that as part of its plea negotiations with appellant, it agreed to recommend a three-year prison term for each of the two counts of aggravated vehicular assault, with the sentences to be served concurrently. The prosecutor stated that he had spoken with the victim's family about the plea negotiations and that the family agreed with the recommended resolution.
At the plea hearing, the trial court ascertained that appellant understood that: (1) the agreement she and the state reached was not binding on the court; (2) the court was not required to follow the sentencing recommendation; and (3) the maximum prison term that appellant could receive for each of the two counts is five years.
Appellant subsequently entered a plea of guilty to two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1). At the sentencing hearing, the state recommended that the court impose three-year terms of imprisonment on each of the two counts, with the terms to be served concurrently. Appellant pleaded for leniency and asked the court to impose concurrent terms of one year imprisonment on each count.
On July 6, 2001, the trial court sentenced appellant to concurrent terms of imprisonment of four years on count one (for the injuries to Baker) and one year on count two (for the injuries to Barnhouse). In imposing the sentence, the court found that: (1) the factors for recidivism outweighed the factors against recidivism; (2) the serious factors outweighed the non-serious factors; (3) recidivism is more likely than not; and (4) appellant is not amendable to community control. Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant argues that the trial court erred by imposing a four-year prison term on count one of the indictment. Appellant asserts that the record does not support the trial court's sentence. Appellant notes that she has not served a previous prison term and that she has no felony convictions. Appellant notes that her only prior offense is a misdemeanor disorderly conduct conviction.
When an appellate court reviews a trial court's sentencing decision, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16.
Although a trial court generally possesses discretion when sentencing an offender, a trial court must not disregard the statutory principles, procedures, presumptions, and factors. See, e.g., R.C. 2929.12(A); Statev. Persons (Apr. 26, 1999), Washington App. No. 98 CA 19, unreported. As we noted in Persons, an appellate court's review of a trial court's sentencing decision is no longer conducted pursuant to the traditional "abuse of discretion" standard. See Griffin Katz 495, Section 9.16 ("Judicial discretion is now greatly circumscribed. The sentencing act provisions significantly limit and channel the exercise of discretion through statutory guidelines in the form of purposes, principles, factors, and presumptions."). Rather, by providing statutory standards for the exercise of discretion, the Ohio General Assembly has now defined that which constitutes an "abuse of discretion." See Person, supra, n. 3 (citing Griffin Katz 495, Section 9.16).
Thus, a sentencing court abuses its discretion when the court fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. 2929.11 through R.C. 2929.20. Griffin Katz 495, Section 9.16; see, also, Persons, supra. In determining whether a sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97 CA 11, unreported.
We further note that although our standard of review has been expanded under the revised sentencing law, we may not simply substitute our judgment for that of the trial court. See State v. Jones (2001),93 Ohio St.3d 391, 399-400, 754 N.E.2d 1252, 1261; Griffin Katz 496, Section 9.16. However, neither may we completely defer to the trial court's decision. Id. Instead, we must examine the record to ascertain whether "substantial evidence" exists in the record "to support the trial court's conclusions and the sentence it imposed." Id. Moreover, appellate courts are now precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C.2953.08(G)(1).
In the case sub judice, we believe, based upon our review of the record, that appellant's sentence is contrary to law. In particular, we believe that the record reveals that the sentencing court "failed to take into account express sentencing criteria." State v. Martin (2000),140 Ohio App.3d 326, 335, 747 N.E.2d 318, 325; see, also, State v. Blair
(Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589, unreported.
We begin by noting that appellant was convicted of two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1). R.C.2903.08(B) provides that aggravated vehicular assault under R.C.2903.08(A)(1) is a third-degree felony. R.C. 2903.08(C) requires a court to impose a mandatory term of imprisonment upon an R.C. 2903.08(A)(1) offender. R.C. 2929.14(A)(3) permits a trial court to impose a prison term of one, two, three, four, or five years upon a third-degree felony offender.
When a court imposes a prison sentence upon an offender who previously has not served a prison term, the court must "impose the shortest prison term authorized for the offense" unless the court "finds on the record" one of the following: (1) "that the shortest prison term will demean the seriousness of the offender's conduct"; or (2) that the shortest prison term "will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B); see, also, State v. Edmonson
(1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133. In Edmonson, the Ohio Supreme Court explained that R.C. 2929.14(B) means:
 "[u]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."
Id.
The word "find" as used in the statute does not require the trial court to give specific reasons "for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id. Rather, the word "find" as used in the statute requires the trial court to "note that it engaged in the [R.C. 2929.14(B)] analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id., 86 Ohio St.3d at 326,715 N.E.2d at 134; see, also, Martin, 140 Ohio App.3d at 335,747 N.E.2d at 325.
In Edmonson, the court concluded that the sentencing court failed to "find" one of the two R.C. 2929.14(B) factors prior to imposing more than the minimum term upon the defendant. The supreme court noted that the trial court cited reasons that could support a finding that the minimum sentence would demean the seriousness of the defendant's conduct or that would fail to protect the public from the defendant's future crimes.Id., 86 Ohio St.3d at 135, 715 N.E.2d at 328. For example, the sentencing court stated that: (1) the defendant has "had problems" and has "been locked down in a lock-down facility on two different occasions"; (2) the defendant is "a very dangerous offender"; and (3) the crime "was a terrible incident with a person who ha[d] a gun." Id.,86 Ohio St.3d at 134, 715 N.E.2d at 327. The supreme court also noted that the sentencing court's judgment entry stated:
 "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."
Id.
The Edmonson court determined, however, that the record did not reflect that the trial court specifically considered either of the two factors specified in R.C. 2929.14(B) prior to deviating from the presumption that the minimum sentence should be imposed. Id., 86 Ohio St.3d at 135,715 N.E.2d at 328. The court stated:
 "With this record, there is no confirmation that the court first considered imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons."
Id.
The Edmonson court, therefore, agreed with the court of appeals' conclusion that the defendant's sentence should be vacated and remanded to the trial court for re-sentencing. Id.
In the case at bar, we believe that the record fails to reveal that the trial court considered R.C. 2929.14(B) prior to imposing more than the minimum sentence. We note that appellant had not previously served a prison term. Like the judgment entry in Edmonson, the judgment entry in the case at bar does not reveal that the court considered R.C. 2929.14(B) prior to deviating from the statutorily mandated minimum. The trial court's entry states:
 "The Court has considered the record, victim impact statements, oral statements and PSI report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12."
The court's judgment entry in the case at bar is indistinguishable from the judgment entry in Edmonson. Moreover, nowhere in the record do the words of R.C. 2929.14(B) appear. See, also, State v. Jones (2001),93 Ohio St.3d 391, ___ N.E.2d ___.
Accordingly, based upon the foregoing reasons and in accordance withEdmonson, we vacate appellant's sentence and remand this matter to the trial court for re-sentencing.[2]
 JUDGMENT ENTRY
It is ordered that the judgment be vacated and this cause remanded to the trial court for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] R.C. 2903.08(A)(1) provides as follows:
 No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in either of the following ways:
 (1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance.
R.C. 2903.08(B)(1) provides that a violation of R.C. 2903.08(A)(1) is a third degree felony.
[2] In light of our conclusions set forth above (1) we need not consider appellant's argument that a four-year sentence is not proportional to the crime. See, e.g., State v. Williams (Nov. 30, 2000), Lucas App. Nos. L-00-1027 and L-00-1028, unreported; and (2) appellant's second assignment of error has been rendered moot.