The STATE of Ohio, Appellee,

v.

MARTIN, Appellant.

[Cite as *State v. Martin* (2000), 140 Ohio App.3d 326.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 99CA846.

Decided Nov. 27, 2000.

---

**5.** See *State v. Martin* at 43, 730 N.E.2d at 388.

330

*Mark A. Ochsenbein,* Jackson County Prosecuting Attorney, for appellee.

*Patricia A. Jamison,* Assistant State Public Defender, Office of the Ohio Public Defender, for appellant.

---

HARSHA, Judge.

The appellant, Joshua L. Martin, appeals the order of the Jackson County Court of Common Pleas sentencing him to consecutive prison terms of seven years on one count of burglary, and eleven months on one count of vandalism.

The record shows that the appellant and an accomplice—Micah Levine—gained entry to the residence of Mark Riegel by kicking down the back door. Once inside, the appellant located a safe box, which he forced open with a sledge hammer and crow bar. According to Levine, the appellant became enraged upon discovering that the safe box did not contain anything of value, and he proceeded to ransack the residence, causing damage to a television, coffee table, and gun case. The appellant and Levine then removed several items from the Riegel residence, including a camcorder, bows, a pistol, several rifles, ammunition, and an arrowhead collection.

The appellant was indicted, along with Levine, on charges of burglary, vandalism, and safecracking. Following a hearing, the appellant pled guilty to burglary, a second degree felony, and vandalism, a fifth degree felony. As part of a plea agreement with the prosecutor, the appellant's safecracking charge was dismissed, as was an indictment on an unrelated charge of complicity to arson and insurance fraud. The trial court conducted a hearing and sentenced the appellant to seven years on the count of burglary and eleven months on the count of vandalism. The court ordered the terms to be served consecutive to each other and ordered the appellant to pay restitution in the amount of $9,800.

The appellant raises the following assignments of error for our review:

"I. The trial court erred by informing Joshua Martin, before he entered a guilty plea, that he would be eligible for judicial release after he had been in prison for six months, and then later imposing a sentence of more than five years, thereby making him ineligible for judicial release until after serving five years, pursuant to R.C. 2929.20.

"II. The trial court erred by ordering consecutive prison terms contrary to R.C. 2929.14(E)(4).

"III. The trial court erred by failing to impose the shortest prison terms authorized pursuant to R.C. 2929.14.

"IV. The trial court abused its discretion in imposing almost the longest sentence authorized.

"V. The trial court erred by ordering the defendant to pay restitution in the amount of $9,800.00, which is the amount the victim's insurance company paid the victim for his economic loss.

"VI. The trial court erred by ordering restitution without considering the offender's ability to pay as required by R.C. 2929.19(B)(6)."

■ Appellate courts have limited jurisdiction to review sentences. The sentencing guidelines provide that a defendant may appeal his sentence as of right based on certain conditions listed in R.C. 2953.08(A). The only applicable subsection here is (A)(4), which grants an appeal as of right for sentences that are "contrary to law." Upon a finding that a sentence is contrary to law, the appellate court may increase, reduce, or otherwise modify the sentence, or it may vacate the sentence and remand the matter to the sentencing court for re-sentencing. R.C. 2953.08(G)(1).

I

In his first assignment of error, the appellant argues that the trial court erred by imposing a sentence that makes him ineligible for judicial release until after he has served five years pursuant to R.C. 2929.20. The appellant claims that the trial court informed him at his plea hearing—prior to accepting his guilty plea—that he would be eligible for judicial release after serving six months in prison. Having made the statement at the plea hearing, the appellant argues that the trial court was precluded from imposing a sentence that did not allow for judicial release after serving six months.

The relevant dialogue from the plea hearing reads:

"JUDGE: Now back to the sentencing. There are two sentences that are available to the court, one is what is called a community sanction sentence and a community sanction sentence you would either be placed under the supervision of the court for a term of up to five years, ordered to do certain things such as

community service, jail time, local jail time, uh drug and alcohol treatment, if that would be appropriate, that type of thing. Do you understand?

"DEFENDANT: Yes sir.

"JUDGE: The other option is what is called a prison sanction sentence and with a prison sanction you would be sentenced to prison and you would go to prison and serve a sentence up to a time whatever the court determined was appropriate. However, after you have been there for a period of six months, you could ask to be released upon judicial release, and if that happened the court would place you on a community sanction similar to what I just described for a term of up to five years. Do you understand all of that?

"DEFENDANT: Yes sir."

The record shows that the appellant was sentenced to consecutive prison terms of seven years on one count of burglary and eleven months on one count of vandalism. Accordingly, under R.C. 2929.20(B)(3), the appellant may file a motion for judicial release after he has served *five years* of his prison term, not *six months* as indicated by the sentencing dialogue.

 The issue in the assignment of error, as presented by the appellant, is whether the trial court's statement at the plea hearing results in a sentence that is contrary to law because the appellant is not eligible for judicial release as indicated. We find that it does not. The potential error on the part of the trial court in reality relates to a question of whether the appellant's guilty plea was knowingly entered, not the validity of his sentence. See *State v. Lane* (Sept. 18, 1989), Butler App. No. CA89–03–039, unreported, 1989 WL 106946. Once the trial court accepts a guilty plea pursuant to Crim.R. 11, it has authority to impose the sentence provided by law. Any error the trial court may have made in its statement to the appellant at the plea hearing should be addressed in a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and Crim.R. 11. See, generally, *State v. Durham* (Apr. 27, 2000), Meigs App. No. 99CA09, unreported, 2000 WL 559020. After a sentence has been imposed, a defendant may move the court to set aside the judgment of conviction and allow withdrawal of a guilty plea based on the existence of manifest injustice. *Id.* However, the appellant is not challenging the voluntariness of his guilty plea in his appeal, and we decline to address that issue in this context. See App.R. 12(A)(2). Because the trial court had the authority to impose a sentence that did not allow for judicial release after six months, the first assignment of error is overruled.

## II

 In his second assignment of error, the appellant argues that the trial court failed to make the requisite findings for consecutive sentencing under R.C. 2929.14(E)(4). We agree.

■ A trial court's sentence is contrary to law if it imposes consecutive sentences without first making the requisite findings under R.C. 2929.14(E)(4). See *State v. Smith* (Mar. 17, 1999), Meigs App. No. 98CA02, unreported, 1999 WL 176551, and Griffin & Katz, Ohio Felony Sentencing Law (1999) 539.

■ The statutory guidelines set out in R.C. 2929.14(E)(4) require a trial court to make three findings before it may impose consecutive sentences. Furthermore, the trial court must state the reasons upon which it based those findings. R.C. 2929.19(B)(2)(c). These requirements are separate and distinct. *State v. Brice* (June 9, 2000), Lawrence App. No. 98CA24, unreported, 1999 WL 390526. Failure to comply with either requirement justifies remand of the sentence. *Id.; State v.. Volgares* (May 17, 1999), Lawrence App. No. 98CA6, 1999 WL 354339, unreported (trial court failed to make specific findings pursuant to R.C. 2929.14[E]); *State v. Blair* (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589, unreported, 1999 WL 1281506 (trial court made findings required by R.C. 2929.14[E], but failed to give any reasons to support its findings pursuant to R.C. 2929.19[B][2][c]). The trial court's findings and reasoning need not appear in the judgment entry, although we have suggested this as the best practice.

■ Under R.C. 2929.14(E)(4), the trial court first must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the trial court must also find that one of the following three factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

■ These findings must be affirmatively set forth in the record. *State v. Haugh* (Jan. 24, 2000), Washington App. No. 99CA28, unreported, 2000 WL 146380; *State v. Smith* (Mar. 17, 1999), Meigs App. No. 98CA02, unreported, 1999 WL 176551. The trial court is not required "to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender." *State v. Owens* (July 10, 2000), Warren App. No. CA99–11–127, unreported, 2000

WL 929669, citing *State v. Finch* (1998), 131 Ohio App.3d 571, 575, 723 N.E.2d 147, 149–150. However, "[t]he record 'must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination.'" *Volgares, supra.*

In this case, there is no clear indication that the trial court considered any of the three statutory factors pursuant to R.C. 2929.14(E)(4). The trial court made no mention of the factors in its judgment entry or at the sentencing hearing. Because the record fails to reflect the requisite findings for the imposition of consecutive prison terms, we sustain the appellant's second assignment of error and remand for resentencing in compliance with R .C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c).

### III

In his third assignment of error, the appellant argues that the trial court erred by imposing more than the minimum sentences without first making the requisite findings on the record pursuant to R.C. 2929.14(B). We agree.

A sentence may be contrary to law, and thus appealable as of right, if the trial court failed to take into account express sentencing criteria. *State v. Blair* (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589, unreported, 1999 WL 1281506.

Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. The shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, *State v. Daugherty* (Nov. 12, 1999), Washington App. No. 99CA09, unreported, 1999 WL 1059225. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. *Id.* See, also, *State v. Shinn* (June 14, 2000), Washington App. Nos. 99CA29 and 99CA35, unreported, 2000 WL 781106.

The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. *Shinn, supra,* citing *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133–134. However, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. *Shinn, supra.*

Although the appellant has an extensive criminal history, the record shows that he has not previously served time in prison. The appellant served

sixty days in the Ross County Jail as part of a community control sentence imposed on January 16, 1998. However, since it was not part of a prison sentence, it does not constitute prison time for purposes of R.C. 2929.14(B).

The record shows that the trial court sentenced the appellant to more than the minimum sentences for both his burglary conviction and his vandalism conviction. However, there is no indication in the record that the trial court engaged in the required analysis before varying from the minimum sentences for burglary and vandalism. Absent a statement in the record explaining the particular sentence, there is no way to ensure that the sentences are in accord with the sentencing principles enacted by the General Assembly. Therefore, we sustain the appellant's third assignment of error, vacate this portion of the appellant's sentence, and remand for resentencing.

## IV

In his fourth assignment of error, the appellant claims that the trial court abused its discretion by imposing a sentence that falls only one month short of the maximum sentence for a second-degree felony. The appellant is not claiming that the trial court's findings are unsupported by the record or that it failed to apply the required statutory criteria and principles, *i.e.*, is contrary to law. Rather, the appellant is claiming that the trial court should be required to provide some additional bases for imposing a sentence that is the near equivalent of the maximum sentence, but technically within the range below the maximum sentence. In other words, the appellant contends that the trial court abused its discretion.

Where the trial court applies the statutory criteria and principles under the sentencing guidelines, and its findings are supported by the record, the decision to impose a specific term within those guidelines is discretionary and not subject to appellate review as being contrary to law. *Daugherty, supra.* In this case, the trial court's decision to impose a sentence that is one month short of the maximum sentence falls within the court's limited discretion under R.C. 2929.12(A) to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11." See Griffin & Katz, *supra,* at 548. Accordingly, it is not appealable as of right under R.C. 2953.08(A)(4) as being contrary to law, and can only be reviewed upon leave of the appellate court. *Daugherty, supra,* citing *State v. Cruz* (Feb. 27, 1998), Fulton App. No. F–97–23, unreported, 1998 WL 102195. The claimant's fourth assignment of error is dismissed for lack of jurisdiction.

## V

 In the fifth assignment of error, the appellant argues that the trial court erred by ordering him to pay restitution because the victim—Mr. Riegel—was fairly compensated by his insurance carrier for his damages, and therefore did not suffer any economic loss as a result of the offenses.[1] R.C. 2929.18(A)(1). The record shows that the trial court ordered the appellant to pay restitution in the amount of $9,800—the amount of the victim's insurance settlement with his insurance carrier, State Farm Insurance Company. The trial court did not specify whether the appellant was to pay restitution to the victim or to the victim's insurance carrier. The appellee argues that this was "merely an accounting matter" and that, in the event the victim receives the funds from the appellant, the victim can return them to his insurance carrier.

R.C. 2929.18(A) governs a sentencing court's authority to order restitution. This section provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law.

R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." At the time the appellant was sentenced on April 2, 1999, "economic loss" was defined under R.C. 2929.01(N) to mean "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss."

 In this case, the victim suffered property loss resulting from the offense. However, he did not suffer any "economic detriment," since he was fairly compensated for his losses by his insurance carrier. Restitution is limited to the actual loss caused by the defendant's criminal conduct. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064, 1074–1075. Thus, we find that the appellant cannot properly be ordered to pay restitution to the victim, since it would result in an economic windfall.

 However, this does not end our analysis. In addition to restitution to victims, R.C. 2929.18(A)(1) provides for court-ordered restitution to third parties that have paid victims for their losses. The second sentence in section (A)(1) provides that a court "may include a requirement that reimbursement be made to third parties for amounts paid to * * * the victim * * * for economic loss resulting from the offense."

---

1. Appellant does not challenge the court's authority to impose restitution where the crime did not pose a substantial threat of personal injury or death. Thus, we do not address that issue. But see, *State v. Ward* (1999), 135 Ohio App.3d 76, 732 N.E.2d 1055.

We read this part of section (A)(1) to allow for restitution to a victim's insurance carrier. We note section (A)(1) also states that "[t]he court shall not require an offender to repay an insurance company for any amounts the company paid *on behalf of the offender* pursuant to a policy of insurance." (Emphasis added.) However, we construe this part of section (A)(1) to preclude court-ordered restitution to the offender's own insurance carrier, not the victim's insurance carrier.

Applying R.C. 2929.18(A)(1) to the facts of this case, we find that the trial court did not have statutory authority only to order the appellant to pay restitution directly to the victim, since the victim did not ultimately suffer economic loss. The trial court had statutory authority only to order the appellant to pay restitution directly to the victim's insurance carrier, State Farm Insurance Company. Thus, the trial court erred by failing to specify to whom restitution was to be made in its judgment entry. On this limited basis, the appellant's fifth assignment of error is sustained. We vacate the trial court's restitution order and remand with instructions to order restitution to the victim's insurance carrier.

## VI

Finally, the appellant claims that the trial court erred by ordering him to pay restitution without considering his ability to pay pursuant to R.C. 2929.19(B)(6). We disagree.

Pursuant to R.C. 2929.19(B)(6), a trial court has a mandatory duty to consider the offender's present or future ability to pay before imposing financial sanctions under R.C. 2929.18. See *State v. Stevens* (Sept. 21, 1998), Clinton App. No. CA98–01–001, unreported, 1998 WL 640889. However, there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record. Moreover, the trial court is not required to hold a hearing in order to comply with R.C. 2929.19(B)(6), although it may choose to do so pursuant to R.C. 2929.18(E). *Stevens, supra; State v. Higgenbotham* (Mar. 21, 2000), Belmont App. No. 97 BA 70, unreported, 2000 WL 309399. All that is required under R.C. 2929.19(B)(6) is that the trial court "*consider* the offender's present or future ability to pay."

In this case, the trial court indicated both at the hearing and in its judgment entry that it had considered the presentence investigation ("PSI") report submitted in this case, as well as the statements of the appellant. Although the PSI report is not part of the public record, it is part of the appellate record for our review. R.C. 2953.08(F).[2] From the PSI report, the trial court had

---

2. A defendant is permitted to read the PSI report (with limited exceptions), and he or she has a right to comment on the information contained therein prior to sentencing. R.C.

information regarding the appellant's present and future ability to pay restitution, including his age, health, education, and work history. Moreover, the appellant indicated at the sentencing hearing that he could pay restitution if he were to be placed on probation and could obtain gainful employment. Although the trial court did not actually reference this information on the record, we find that the trial court did comply with the requirement of R.C. 2929.19(B)(6) by indicating on the record that it had *considered* the PSI report as well as the appellant's oral statement at the sentencing hearing. Accordingly, the appellant's final assignment of error is overruled.

We specifically limit our holding in this regard to compliance with the statutory requirements of R.C. 2929.19(B)(6). We have held that a cursory reference to the record is insufficient to satisfy the sentencing guidelines and criteria contained in other sections. See *State v. Volgares* (May 17, 1999), Lawrence App. No. 98CA6, unreported, 1999 WL 354339 ("[I]t is no longer enough for a trial court to declare that it 'considered' the mandated statutory criteria * * * [before imposing consecutive sentences]."). However, we distinguish the statutory criteria contained in R.C. 2929.19(B)(6) in that there are no express factors the court must consider or specific findings it must make on the record.

Having affirmed in part, and reversed in part the judgment of the Jackson County Court of Common Pleas, the appellant's sentence is vacated and the matter is remanded for resentencing in accordance with this opinion.

*Judgment affirmed in part*
*and reversed in part.*

KLINE, P.J., concurs.

PETER B. ABELE, J., concurs with the majority opinion in Assignments of Error Nos. I, II, III, V, and VI but concurs in judgment only on Assignment of Error No. IV.

---

2951.03(B)(1) and (2). In addition, the trial court has discretion to allow the defendant to introduce evidence that relates to any factual inaccuracies. R.C. 2951.03(B)(2). If the defendant alleges inaccuracies in the PSI, the trial court is required either to make findings of fact or disregard the challenged information. R.C. 2951.03(B)(5). See, also, Griffin & Katz, *supra*, at 332. In this case, there is no indication that the appellant challenged the information contain in his PSI report.