DECISION AND JUDGMENT ENTRY
This is an appeal of the judgment of the Scioto County Court of Common Pleas, which sentenced Defendant-Appellant Amanda Bellomy to two three-year prison terms to be served consecutively, pursuant to R.C.2929.14(E)(4). The trial court imposed the sentence following appellant's plea of guilty to two counts of robbery, in violation of R.C. 2911.02(A)(3). Appellant argues that the trial court erred by ordering that her sentences be served consecutively. We agree and reverse the judgment of the court below.
I. The Robberies, Arrest, and Trial Court Proceedings
Defendant-Appellant assisted her boyfriend and Steve Hamilton, an acquaintance of hers, in the commission of three bank robberies. Two of the robberies occurred in Scioto County and the third was committed in Ross County. Appellant "cased" one of the banks that was robbed and provided transportation for Hamilton in the commission of all three bank robberies.
Appellant was arrested on January 6, 2000, and was indicted in Ross County for complicity to aggravated robbery with a firearm specification. She pled guilty to a reduced charge and was sentenced to two years incarceration.
In August 2000, a Scioto County Grand Jury indicted appellant for two counts of aggravated robbery, both first-degree felonies in violation of R.C. 2911.01(A)(1). Each count contained a three-year firearm specification pursuant to R.C. 2941.145 and 2929.14(D)(1)(a)(i). Appellant was already serving her prison sentence for the Ross County robbery when the Scioto County Grand Jury indictment was filed.
Following the denial of a pre-trial motion to suppress, appellant pled guilty to two reduced charges of third-degree felony robbery without firearm specifications, in violation of R.C. 2911.02(A)(3).
In exchange for her guilty pleas to the reduced charges, appellant agreed to cooperate with prosecutors and testify against Hamilton.
Appellant testified as agreed and the prosecution of Hamilton was successful.
Appellant was sentenced to three years incarceration for each count of third-degree robbery. These two prison terms were ordered to be served consecutively.
II. The Appeal
Appellant appeals this sentence and presents the following assignment of error for our review.
 THE TRIAL COURT ERRED IN ORDERING THE SENTENCES TO BE SERVED CONSECUTIVELY, HAVING FAILED TO MAKE THE FINDINGS OF FACT NECESSARY TO SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES AS REQUIRED UNDER 2929.14(E) R.C. THE IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW AND WITHOUT EVIDENTIARY FOUNDATION.
In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for selecting consecutive sentences. See R.C. 2929.19(B)(2)(c); State v. Martin (2000),140 Ohio App.3d 326, 747 N.E.2d 318; State v. Brice (June 9, 1999), Lawrence App. No. 98CA24, unreported. R.C. 2929.14(E)(4) provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4).
Thus, the trial court first must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. See R.C. 2929.14(E)(4). Second, the trial court must then find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. See id. Finally, the trial court must also find that one of the three factors listed in R.C. 2929.14(E)(4)(a)-(c) applies. See id.
Furthermore, these findings must be affirmatively set forth in the record. See State v. Finch (1998), 131 Ohio App.3d 571, 723 N.E.2d 147. "The record `must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination.'" (Emphasis sic.) State v. Volgares (May 17, 1999), Lawrence App. No. 99CA6, unreported, quoting State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-8. In State v. Martin, supra, we held as follows:
 The statutory guidelines set out in R.C. 2929.14(E)(4) require a trial court to make three findings before it may impose consecutive sentences. Furthermore, the trial court must state the reasons upon which it based those findings. R.C. 2929.19(B)(2)(c). These requirements are separate and distinct. State v. Brice (Mar. 29, 2000), Lawrence App. No. 98CA24, unreported. Failure to comply with either requirement justifies remand of the sentence. Id., State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6, unreported (trial court failed to make specific findings pursuant to R.C. 2929.14(E)), State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589, unreported (trial court made findings required by R.C. 2929.14(E), but failed to give any reasons to support its findings pursuant to R.C. 2929.19(B)(2)(c)). The trial court's findings and reasoning need not appear in the judgment entry, although we have suggested this as the best practice. (Emphasis added.) State v. Martin, 140 Ohio App.3d at 334, 747 N.E.2d at 324; see, also, Volgares, supra.
Although the trial court found that consecutive sentences were necessary to protect the public and that the sentences were not disproportionate to the seriousness of appellant's criminal conduct, appellant argues that the trial court failed to make one of the three findings required by R.C. 2929.14(E)(4)(a)-(c).
In its judgment entry filed November 6, 2000, the trial court stated that:
 Pursuant to Revised Code section 2929.14(E), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
The trial court also stated the following on the record at the sentencing hearing:
 The court further finds that consecutive sentences are necessary to protect the public and not disproportionate to the seriousness of this defendant's conduct. This is not a single incident. This is a course of conduct that went on for a total of three robberies. Therefore, these sentences are to be served consecutively.
Based on the trial court's judgment entry and statements made on the record, it is apparent that the trial court attempted to make the requisite findings under R.C. 2929.14(E). However, the trial court failed to set forth any specific operative facts or to make the required findings that, "The harm caused by [appellant's conduct] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's conduct]." R.C. 2929.19(E)(4)(b).
Thus, the trial court failed to properly set forth express findings of fact regarding the factors contained in R.C. 2929.14(E) before it imposed consecutive sentences upon appellant.
Accordingly, appellant's sole assignment of error is SUSTAINED; we vacate that part of the trial court's judgment entering consecutive sentences, and remand the matter for re-sentencing in accordance with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment Only.