OPINION
Defendant-appellant Arthur Andrukat appeals the October 9, 2001 Judgment Entry of the Stark County Court of Common Pleas which found him guilty of five counts of menacing by stalking and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 5, 2001, the Stark County Grand Jury Indicted appellant with three counts of menacing by stalking, in violation of R.C. 2903.211(A), felonies of the fourth degree; and two counts of menacing by stalking, in violation of R.C. 2093.211(A), misdemeanors of the first degree. At his July 13, 2001 arraignment, appellant pled not guilty to the charges.
On August 15, 2001, appellant withdrew his pleas of not guilty and entered pleas of guilty to each charge of the indictment. The trial court set a sentencing hearing for September 19, 2001, and ordered a presentence investigation. Due to delays in the investigation, the sentencing hearing was continued until October 3, 2001.
In an October 9, 2001 Judgment Entry, the trial court sentenced appellant to a term of seventeen months in prison for each of the three felony counts, and six months for each of the two misdemeanors counts. The trial court ordered the two six month misdemeanor sentences to be served concurrently. The trial court further ordered each of the seventeenth month felony sentences to be served consecutively with each other, but concurrently with the six month misdemeanor sentences. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.
 II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING CONSECUTIVE SENTENCES UNDER THE "GREATEST LIKELIHOOD OF RECIDIVISM" AND "WORST FORM OF THE OFFENSE" SENTENCING FACTORS.
 I
In his first assignment of error, appellant maintains the trial court sentences are contrary to law and the trial court abused its discretion in sentencing appellant to consecutive prison terms. Appellee maintains appellant does not have an appeal as of right because he appeals the imposition of consecutive sentences which, in the aggregate, exceed the maximum sentence permitted under the highest level felony sentenced. Therefore, pursuant to R.C. 2953.08(A)(2), appellee argues appellant can only appeal his sentence with leave of this Court. We agree.
R.C. 2953.08(C) sets forth the procedure for the appeal of a consecutive sentences where the sentences exceed the maximum prison term for the most serious offense. The statute states, in relevant part:
 (C) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.[1]
 Appellee also points out appellant loses any automatic right to appeal when the trial court finds certain factors pursuant to R.C. 2953.08(A).
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
* * *
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * *, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.[2]
Therefore, in the matter sub judice, if the trial court made the requisite findings as listed in R.C. 2929.13, appellant would be entitled to appeal only by the leave procedure as specified, supra. R.C. 2929.13
states, in relevant part:
 (B)(1) * * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
* * *
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
* * *
At the sentencing hearing, the trial court made the following findings relative to the above-referenced list:
 The Court has had the opportunity to review the presentence investigation in this matter. Let me make a couple preliminary remarks.
 First, the victims in this case are probably much more forgiving of your conduct than I am.
* * *
 Also, I have had the opportunity to review the presentence investigation, the victim impact information, the reports that have been prepared by our psychologist at the county jail.
 There are two separate reports, report of Doctor Devies, the VA report, rejection from the Stark County Regional Correction Facility, and the entire PSI.
 The appropriate portions of the PSI were made available to the defense counsel. All the other documents defense counsel has also had the opportunity to review.
 The Court will, first of all, find that community control sanctions are not consistent with the overriding purposes and principles of felony sentence in this particular case.
* * *
 In applying the statutory factors, it would be this Court's finding, first of all, that there was physical harm caused to persons.
 I think physical harm means harm where people become ill, become sick, those types of things. There is no doubt this happened here. These victims lived in absolute fear.
 The Defendant chose to pick on women, that he picked virtually at random, and he terrorized them by repeated phone calls to them.
 As a result of that, he caused them to live in constant fear for their own safety, for their own well-being, and for the well-being of their family and their co-workers.
 It caused these victims to make radical lifestyle changes and to expend large sums of money out of a sense of fear and to protect themselves, their families, and their co-workers. So the Court would find, first of all, that physical harm had occurred.
 Second, this Court would find that these offenses under the statute were part of organized criminal activity.
 What I mean by organized criminal activity, as I read the statute I believe it means that there is an organized pattern of ongoing activity.
 I have got five victims in this case, and I would indicate that there is no doubt in my mind from reviewing the presentence investigation and the other documents that have been made available to me that there are many more victims out there. They were just not indicted.
 They were victims for the most part that did not want to come forward, probably because of their fear situation.
 Next, I would also find that this crime is a sex related offense in that there is information in the presentence investigation that these were linked to some form of sexual gratification that the Defendant was receiving off of this particular type of an offense, that he felt charged up or aroused in some way by the conduct.
 Now, those would be my findings on the statutory factors.[3]
The trial court made the requisite findings pursuant to R.C.2953.08(A)(2). The fact the trial court made such findings requires appellant to seek leave before filing an appeal. If appellant wished to challenge the manifest weight of these findings, such an argument would appropriately be set forth as the basis of a motion for leave to appeal.
Notwithstanding this additional basis requiring appellant to seek leave, we find R.C. 2953.08(C), as set forth above, controls. Appellant appeals only the imposition of consecutive sentences. Because appellant had no appeal as a matter of right from consecutive sentences where such sentences exceed the maximum prison term permitted for the most serious offense, appellant was required to seek leave for this appeal.
Because appellant failed to file a motion for leave, we are without jurisdiction to review appellant's assignments of error.[4]
Appellant's appeal is hereby dismissed.
By: HOFFMAN, P.J. GWIN, J. and FARMER, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs assessed to appellant.
[1] Emphasis added.
[2] Emphasis added.
[3] Sentencing Hearing at 7-11.
[4] State v. Martin (2000), 140 Ohio App.3d 326, 336.