DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Pickaway County Court of Common Pleas, which sentenced Defendant-Appellant Gerald E. Bragenzer to two ten-year prison terms, to be served consecutively, pursuant to R.C. 2929.14(A)(1), (C), and (E). The trial court imposed the sentence following appellant's plea of guilty to one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1), and one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(3). Appellant argues that the trial court erred by imposing the maximum sentences allowed by law and by ordering that those sentences be served consecutively.
 {¶ 2} For the following reasons, we disagree with appellant and affirm the judgment of the trial court.
 I. Appellant's Conduct, Arrest, and Trial Court Proceedings {¶ 3} While under the influence of alcohol, cocaine, and other illegal drugs, Defendant-Appellant Gerald E. Bragenzer forced entry to an apartment building by breaking a glass window and opening the door to a lobby. Appellant then found an unlocked door to one of the individual apartments and proceeded to enter that apartment, which was the residence of an elderly woman, Jarlene Clifton. Appellant was grabbing Jarlene's purse from inside the apartment when she discovered appellant.
 {¶ 4} Apparently, the elderly woman began to scream and yell when she discovered appellant. Appellant attempted to quiet the woman and threatened to harm and rape her. However, Jarlene resisted appellant and received several blows to her head, suffering a black eye, minor abrasions, and contusions about her face at the hand of appellant. Appellant tied a piece of an extension cord around Jarlene's head and mouth to try to keep her quiet. Appellant then ran off, taking Jarlene's purse with him.
 {¶ 5} Law enforcement conducted an investigation into the crime and, as the result of certain leads and information provided by appellant's girlfriend, apprehended him. The Circleville Municipal Court held a preliminary hearing following appellant's arrest and bound him over to the Pickaway County Grand Jury.
 {¶ 6} Subsequently, the Pickaway County Grand Jury indicted appellant on one count each of aggravated burglary, aggravated robbery, kidnapping, theft, and vandalism. Appellant pled not guilty to the charges in the indictment, but following discovery, entered into a plea agreement with the state. Following the appropriate dialogue between the trial court and appellant, appellant changed his plea on the counts of aggravated burglary and aggravated robbery to guilty, and the state dismissed the remaining charges. Further, the state recommended a sentence to the trial court. The trial court informed appellant that it was in no way bound by the state's sentencing recommendation.
 {¶ 7} The trial court ordered a pre-sentence report to be issued, and a sentencing hearing was held. The trial court heard statements from appellant, appellant's counsel, the prosecution, and the victim. The trial court also read appellant's prior criminal history, as found in the pre-sentence report, into the record. The trial court then imposed the maximum sentence allowed by law for each offense, ten years incarceration, and ordered that the sentences be served consecutively.
 II. The Appeal {¶ 8} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 9} First Assignment of Error: "The trial court erred in imposing the maximum sentence without making the requisite factual findings on the record, as required by R.C. 2929.14(C) and R.C. 2929.19(B)(2)(D)."
 {¶ 10} Second Assignment of Error: "The trial court erred in imposing a [sic] consecutive sentences without making the requisite factual findings on the record, as required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(C)."
 {¶ 11} We address appellant's assignments of error seriatim.
 A. Maximum Sentences {¶ 12} Appellant's First Assignment of Error asserts that the trial court's imposition of the maximum sentence allowable for each count was in error. Specifically, appellant argues that the maximum sentences imposed were erroneous because the record does not support the trial court's finding that appellant committed the worst form of the offense.
 {¶ 13} An offender who has received a maximum term of imprisonment has a statutory right to appeal that sentence. See R.C. 2953.08. An appellate court may not reverse the sentence imposed by the trial court unless the court finds, by clear and convincing evidence, that the sentence is contrary to law or unsupported by the record. See R.C.2953.08(G)(1)(a) and (d); see, also, State v. Goff (June 30, 1999), Washington App. No. 98CA30. "Clear and convincing evidence" refers to a degree of proof "which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74,556 N.E.2d 54.
 {¶ 14} The legislature has specified certain factors and purposes that a sentencing court must consider before determining the appropriate sentence to impose upon an offender. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. "[T]he legislature's imposition of standards * * * amounts to a statutory definition of abuse of discretion * * *." Id. In conducting our review, we must determine the following four issues: (1) whether the trial court considered the statutory factors; (2) whether the trial court made the required findings; (3) whether there was substantial evidence in the record to support those findings; and, (4) whether the trial court's ultimate conclusion was clearly erroneous. See id.
 {¶ 15} Felony sentences must comply with the overriding purposes of sentencing as outlined in R.C. 2929.11. See State v. McConnaughey
(Mar. 4, 1998), Athens App. No. 97CA39. The trial court must be directed by the dual overriding purposes of protecting the public from future crimes the offender may commit and punishing the offender. See R.C.2929.11(A). To achieve these overriding purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. The sentencing court must further choose a sentence that is commensurate with, and not demeaning to, the seriousness of the offender's conduct and the impact on the victim. See R.C. 2929.11(B).
 {¶ 16} In determining how to accomplish the purposes of sentencing found in R.C. 2929.11, the trial court must consider the factors set out in R.C. 2929.12. Once a trial court determines that it is required to impose a prison sentence instead of community control sanctions, it must impose the shortest prison sentence authorized unless it finds, on the record, that the shortest prison term either demeans the seriousness of the offender's conduct or does not adequately protect the public from future crime by this defendant or other persons. See R.C. 2929.14(B). R.C. 2929.14(C) sets forth the specific circumstances under which a trial court may impose the maximum prison term on an offender.
 {¶ 17} Maximum sentences are reserved for (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and, (4) certain repeat offenders. See R.C. 2929.14(C); see, also, Goff, supra, and State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13. The court must find, on the record, that the offender falls into one of these four classifications before it can impose a maximum sentence on an offender. See Goff, supra. The trial court must also state on the record its reasons for imposing the maximum sentence. See id. This court will uphold a maximum sentence by a trial court if its stated findings are supported by the record. See id.; State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106.
 {¶ 18} In the case sub judice, the trial court found, on the record, that appellant committed the worst form of the offense. Specifically, in its sentencing entry, the trial court found that "the shortest prison term [would] demean the seriousness of the Defendant's conduct and [would] not adequately protect the public from future crimes by the Defendant or others." The trial court further found that "the defendant committed the worst form of this offense/and the harm caused was great and unusual."
 {¶ 19} In support of its sentencing entry, the trial court stated on the record during the sentencing hearing that appellant "committed the worst form of these offenses, being that they were committed against a person [sixty-eight] years of age." The trial court also noted that the victim was physically and psychologically injured by appellant's conduct.
 {¶ 20} Based on the facts present in this case, a trial court could reasonably conclude and find that appellant committed the worst form of the offense in that he assaulted and threatened an elderly woman while burglarizing her home and stealing her purse from her.
 {¶ 21} Additionally, R.C. 2929.14(C) permits the imposition of maximum sentences upon offenders who "pose the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court made a point to include appellant's pre-sentence report in the record. The report revealed an extensive criminal history on appellant's part. The report also revealed that appellant was on probation imposed by a Florida court at the time he burglarized and robbed the victim. The State of Florida also issued arrest warrants for appellant as a result of alleged probation violations committed there. Based on these factors, the trial court also found that appellant posed a great risk to the public and was likely to commit future crimes.
 {¶ 22} Accordingly, we find that the trial court did not err in imposing maximum sentences upon appellant. Thus, appellant's First Assignment of Error is overruled.
 B. Consecutive Sentences {¶ 23} In his Second Assignment of Error, appellant argues that the trial court erred by ordering that his sentences for burglary and robbery be served consecutively. Specifically, appellant argues that the trial court did not make the requisite findings or give its reasons for imposing consecutive sentences.
 {¶ 24} In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for the imposition of consecutive sentences upon the offender. See R.C. 2929.19(B)(2)(c); Statev. Martin, 140 Ohio App.3d 326, 2000-Ohio-1942, 747 N.E.2d 318; State v.Brice (June 9, 1999), Lawrence App. No. 98CA24. R.C. 2929.14(E)(4) provides:
 {¶ 25} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 26} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 27} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 29} Thus, the trial court must first find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. See R.C. 2929.14(E)(4). Second, the trial court must then find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. See id. Finally, the trial court must also find that one of the three factors listed in R.C. 2929.14(E)(4)(a)-(c) applies. See id.
 {¶ 30} Furthermore, these findings must be affirmatively set forth in the record. See State v. Finch (1998), 131 Ohio App.3d 571,723 N.E.2d 147. "The record `must contain some indication, by use ofspecific operative facts, that the court considered the statutory factors in its determination.'" (Emphasis sic.) State v. Volgares (May 17, 1999), Lawrence App. No. 99CA6, quoting State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-8. In State v. Martin, supra, we held as follows:
 {¶ 31} "The statutory guidelines set out in R.C. 2929.14(E)(4) require a trial court to make three findings before it may impose consecutive sentences. Furthermore, the trial court must state thereasons upon which it based those findings. R.C. 2929.19(B)(2)(c). Theserequirements are separate and distinct. State v. Brice (Mar. 29, 2000), Lawrence App. No. 98CA24 . Failure to comply with either requirement justifies remand of the sentence. Id., State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6 (trial court failed to make specific findings pursuant to R.C. 2929.14(E)), State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589 (trial court made findings required by R.C. 2929.14(E), but failed to give any reasons to support its findings pursuant to R.C. 2929.19(B)(2)(c)). The trial court's findings and reasoning need not appear in the judgment entry, although we have suggested this as the best practice." (Emphasis added.) State v. Martin,140 Ohio App.3d 326, 334, 2000-Ohio-1942, 747 N.E.2d 318; see, also,Volgares, supra.
 {¶ 32} In the case sub judice, the trial court found in its sentencing entry that "the Defendant committed these offenses while under Community Control and Defendant's criminal history requires consecutive sentences." During the sentencing hearing, the trial court stated that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and the danger the offender poses, and the Court further finds the Defendant caused the harm greater than usual and the Defendant's criminal history required consecutive sentences."
 {¶ 33} Furthermore, the trial court relied heavily on appellant's extensive criminal history when imposing consecutive sentences. In fact, the trial court felt it necessary to read into the record appellant's entire criminal history. The trial court also informed appellant that the criminal conduct within which appellant engaged was very unusual and serious, because appellant chose an elderly woman as his victim.
 {¶ 34} Thus, the trial court found that: (1) consecutive sentences were necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and, (3) two of the three factors listed in R.C.2929.14(E)(4)(a)-(c) applies (i.e., appellant's conduct caused great and unusual harm and his criminal history required imposition of consecutive sentences).
 {¶ 35} Accordingly, we overrule appellant's Second Assignment of Error.
 III. Conclusion {¶ 36} The trial court made the requisite findings to support its imposition of maximum, consecutive sentences on appellant. Consequently, appellant's assignments of error lack merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
Abele, P.J.: Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignment of Error II.
Kline, J.: Concurs in Judgment Only.