OPINION.
{¶ 1} Defendant-appellant Edward Burgin contests the voluntariness of his guilty pleas to receiving stolen property, in violation of R.C.2913.51(A), and to failure to comply with the order of a police officer, in violation of R.C. 2921.331(B), both fourth-degree felonies. He also contests his sentence of consecutive twelve-month prison terms. We affirm the findings of guilt, but because the trial court did not make oral findings and give reasons supporting those findings at the sentencing hearing, as mandated by State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, released after this case was submitted, the prison terms are vacated.
 VOLUNTARINESS OF GUILTY PLEAS {¶ 2} In his first assignment of error, Burgin contends that the trial court accepted his guilty pleas without fully informing him that he was waiving his rights of confrontation and against self-incrimination.
 {¶ 3} During the trial court's dialogue with Burgin to determine if his guilty pleas were made knowingly and voluntarily, the court addressed Burgin and informed him, inter alia, that "[t]he state would have to prove your guilt beyond a reasonable doubt, at a trial at which you could not be forced to testify against yourself, and at a trial at which you would have the right to have the person, or persons, who have accused you, appear in court and testify under oath." We hold that the record affirmatively demonstrates that the trial court meaningfully informed Burgin that he was waiving certain constitutional rights, including the privilege against compulsory self-incrimination, the right to a jury trial, the right to confront accusers, and the right to compulsory process of witnesses. See Crim.R. 11(C); see, also, State v.Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, at ¶ 30, citing Boykin v. Alabama (1969), 395 U.S. 238, 242-243,89 S.Ct. 1709, and State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. The first assignment of error is overruled.
 SENTENCING ERRORS {¶ 4} In his second assignment of error, Burgin contends that the trial court erred by imposing prison terms for fourth-degree felonies, by failing to inform him of the terms and conditions of post-release control,[1] by imposing consecutive prison terms, and by ordering restitution to be paid to an insurance company.
 Sentencing Under State v. Comer {¶ 5} In State v. Comer, the Ohio Supreme Court held that when R.C. 2929.19 requires a trial court to make findings and to give reasons supporting those findings as a prerequisite to imposing a felony sentence, it must do so orally at the sentencing hearing. See State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraphs one and two of the syllabus, and at ¶ 20 and 26. Making the required findings or giving reasons in a journal entry or in a sentencing worksheet alone is not sufficient to afford "counsel the opportunity to correct obvious errors," to "encourage judges to decide how the statutory factors apply to the facts of the case," id. at ¶ 22, or to provide a demonstration in the record "so that an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21. This requirement for oral findings at the sentencing hearing "applies with equal force to [determinations of] the length of sentences." Id. at ¶ 26.
 {¶ 6} While State v. Comer mandates that those findings and reasons required in R.C. 2929.19 must be verbalized at the sentencing hearing, whether the trial court's consideration of the purposes and principles of felony sentencing and the recidivism factors of R.C. 2929.11
and 2929.12 must also be orally stated at the hearing remains an open question. We suggest that, out of an abundance of caution, the trial court orally state the purposes and principles of sentencing and any other factors that it finds applicable during the sentencing hearing.
 Findings to Support a Prison Term {¶ 7} Here, the trial court orally stated that it was imposing a prison term on each fourth-degree felony because Burgin "had 13 adjudications as a juvenile, and was, in fact, on [juvenile] supervision having been released, I think three months before this happened." Juvenile supervision is not a community-control sanction, probation, or release on bond as those terms are defined in R.C. 2901.01, and is not one of the nine factors a court may use to impose a prison term for a fourth-degree felony. See 2929.13(B)(1). On its felony sentencing worksheet, the trial court justified imposing a prison term for these offenses because Burgin had previously served a prison term. The record does not support that finding. Burgin's confinement in a juvenile facility was not by definition the equivalent of having served a prison term. See R.C. 2929.01(BB). Therefore the trial court's sentence was contrary to law. See R.C. 2953.08(A)(4). As the trial court did not orally articulate any of the other enumerated factors necessary to impose a prison term, including a finding that, consistent with the purposes and principles of sentencing, Burgin was not amenable to community control, the sentence must be vacated. See R.C. 2953.08(G)(1); see, also, Statev. Comer, and State v. Brown, 146 Ohio App.3d 654, 2001-Ohio-4266,767 N.E.2d 1192, at ¶ 16.
 {¶ 8} We note that the presentence investigation indicated that Burgin was placed on probation by the Hamilton County Municipal Court one month before he committed these offenses. Committing a felony while on probation is one of the nine factors that may be used to justify the imposition of a prison term for a fourth-degree felony. See R.C.2929.13(B)(1)(h). Although this finding is supported in the record, the trial court did not orally state it at the sentencing hearing. It could not, therefore, serve as the basis for imposing a prison term. See Statev. Comer.
 Post-Release Control {¶ 9} Because the trial court also failed to notify Burgin of the extent of post-release control at the sentencing hearing, the sentence must be vacated. See R.C. 2929.13(B)(3); see, also, State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983, at ¶ 20.
 Consecutive Sentences {¶ 10} While both parties agree that the trial court failed to articulate the findings and reasons required to impose discretionary consecutive sentences pursuant to R.C. 2929.14(E)(4), as in State v.Clark, 1st Dist. No. C-010532, 2002-Ohio-3135, the consecutive sentences here were mandated by operation of law. If a trial court properly imposes a prison term for a violation of R.C. 2921.331(B) for evading or fleeing in a motor vehicle after receiving a signal to stop from a police officer, "the offender shall serve that prison term consecutively to any other prison term * * * previously or subsequently imposed upon the offender." R.C. 2929.14(E)(3); see, also, State v. Clark, at ¶ 5. If the trial court imposes prison terms for each offense, they must be served consecutively. See State v. Clark, at ¶ 13-14.
 Restitution {¶ 11} At the sentencing hearing, the prosecuting attorney indicated that $1,798.74 of the $4,804.68 in restitution that Burgin was ordered to pay was to compensate the insurance company of the receiving-stolen-property victim.
 {¶ 12} R.C. 2929.18 permits a trial court to order an offender to pay restitution to the victim of the offender's crime in an amount based on the victim's economic loss. R.C. 2929.18(A)(1) also provides for court-ordered restitution to third parties that have paid victims for their losses. See State v. Martin, 140 Ohio App.3d 326, 337-338,2000-Ohio-1942, 747 N.E.2d 318. The trial court thus had authority to order Burgin to pay restitution directly to the victim's insurance carrier.
 {¶ 13} The second assignment of error is sustained in part.
 CONCLUSION {¶ 14} The judgment of the trial court is affirmed as to the voluntariness of Burgin's guilty pleas and the order of restitution. Pursuant to R.C. 2953.08(G)(1), we vacate the terms of incarceration and remand the case to the trial court for resentencing in accordance withState v. Comer.
Sentence vacated in part and cause remanded.
Sundermann, P.J., and Winkler, JJ. concur.
[1] Burgin's post-release-control argument is part of his first assignment of error. Yet, he asserts that the remedy for this error would be resentencing and not invalidation of his pleas. Therefore, we address this argument with his other sentencing claims.