OPINION *Page 2 
{¶ 1} Defendant-appellant Rene R. Ortiz appeals the February 27, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, which memorialized his conviction and sentence on one count of trafficking in marijuana and one count of possession of marijuana, and imposed a fine of $7,500. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On November 23, 2005, the Stark County Grand Jury indicted appellant on the aforementioned charges. Appellant entered a plea of not guilty at his arraignment on December 2, 2005. Appellant waived his right to a speedy trial, executing a written waiver on December 12, 2005. Appellant filed a motion to suppress. The trial court conducted a hearing on the motion on January 9, 2006. Via Judgment Entry filed February 6, 2006, the trial court denied appellant's motion.
 {¶ 3} The case proceeded to trial on February 1, 2006. After hearing all the evidence and deliberations, the jury found appellant guilty of both counts in the indictment. The trial court immediately proceeded to sentencing. The trial court imposed an aggregate term of imprisonment of eight years. The trial court also assessed a fine of $7,500, despite the fact counsel for appellant informed the court appellant was unable to pay the fine, and the trial court found appellant was indigent and appointed appellate counsel.
 {¶ 4} It is from the trial court's assessment of the $7,500 fine, appellant appeals, raising his sole assignment of error: *Page 3 
 {¶ 5} "I. THE TRIAL COURT ERRED BY IMPOSING A MANDATORY FINE WITHOUT CONSIDERING APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court erred by imposing a mandatory fine without considering his present and future ability to pay as required by R.C. 2929.19. We agree.
 {¶ 7} Appellant was convicted of one count of trafficking in marijuana and one count of possession of marijuana, both felonies of the second degree. Pursuant to R.C. 2929.18(A)(3), a trial court may impose a fine of up to $15,000 for a felony of the second degree. However, "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6).
 {¶ 8} As this Court explained in State v. Perry, Stark App. No. 2004-CA-00066, 2005-Ohio-85:
 {¶ 9} "`[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' State v. Martin, 140 Ohio App.3d 326, 338,747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) `to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. State v. Stevens (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported (`although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). `All that R.C. 2929.19(B)(6) requires is that *Page 4 
the trial court consider the offender's present and future ability to pay.' State v. Dunaway, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; Martin, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added)." Id. at *4-5.
 {¶ 10} Upon review of the transcript, we find Attorney Madden requested the trial court waive the fine "due to [appellant's] current indigent status and is unlikely to change at any point in the near future." Tr. at 280. The trial court overruled the motion and imposed the fine, stating, "[W]e will leave it up to the parole board to decide how to handle the mandatory fine." Id. We find, and the State concedes, the record demonstrates the trial court failed to consider appellant's present and/or future ability to pay the fine imposed. Accordingly, we vacate the fine and remand the matter to the trial court for consideration of appellant's present and/or future ability to pay a fine.
 {¶ 11} Appellant's sole assignment of error is sustained.
 {¶ 12} That portion of the judgment of the Stark County Court of Common Pleas imposing a $7,500 fine is vacated and the matter remanded for further proceedings consistent with this opinion and the law.
 Hoffman, P.J., Farmer, J. and Edwards, J. concur *Page 5 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is vacated in part and the matter remanded to that court for further proceedings consistent with this opinion and the law. Costs to appellee.
[1] A Statement of the Facts is not necessary for our disposition of this appeal. *Page 1