DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Everett J. Griffith appeals his conviction and sentence for felonious assault, a second-degree felony in violation of R.C. 2903.11, which was entered by the Ross County Court of Common Pleas. Appellant asserts that his consecutive sentence is contrary to law because the trial court did not make the requisite findings under R.C. 2929.14(E). In addition, appellant argues that the trial court erred by permitting certain testimony concerning the victim's character to be presented to the jury.
 {¶ 2} For the reasons that follow, we sustain appellant's First Assignment of Error and overrule his Second Assignment of Error. Accordingly, we affirm appellant's conviction, vacate his sentence, and remand for re-sentencing consistent with statutory guidelines and this opinion.
 Statement of the Case {¶ 3} The Ross County Grand Jury indicted Defendant-Appellant Everett J. Griffith on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11. The indictment stems from an altercation at the Ross Correctional Institution (RCI) between appellant and Carl Ford, both of whom were inmates at RCI at the time of the incident.
 {¶ 4} Apparently, appellant and Ford, the victim, argued over a debt owed by Ford to appellant. At some point the argument turned into a physical altercation, which resulted in the victim being seriously injured and comatose, while appellant sustained a broken hand and minor abrasions.
 {¶ 5} At appellant's jury trial, appellant raised the affirmative defense of self-defense. The jury convicted appellant of felonious assault as charged in the indictment. Subsequent to the jury's verdict, the trial court proceeded to sentence appellant to two years incarceration to be served consecutively to the sentence for which appellant was incarcerated when the incident occurred.
 The Appeal {¶ 6} Appellant now appeals and raises the following assignments of error.
 {¶ 7} First Assignment of Error: "The trial court committed prejudicial error and violated the accused's rights under R.C. § 2929.14 and the due process clauses of the ohio and united states constitutions when it imposed a consecutive sentence without making the findings required under R.C. § 2929.14(E)(4)."
 {¶ 8} Second Assignment of Error: "The trial court violated Evid.R. 404(A)(2) and deprived appellant of his rights under the due process clauses of the Ohio and United States Constitutions when it admitted evidence of the victim's good character in the state's case-in-chief. under the circumstances of this case, this error constitutes plain error."
 {¶ 9} We address appellant's assignments of error in an order more conducive to our analysis.
 I. Testimony Concerning the Victim's Character {¶ 10} In his Second Assignment of Error, appellant argues that his defense was prejudiced by the admission of improper testimony concerning the victim's character. Thus, appellant concludes that his conviction should be reversed.
 {¶ 11} Appellant concedes that this testimony was not objected to at trial, and he has waived all but plain error regarding this issue. SeeState v. Wogenstahl, 75 Ohio St.3d 344, 356-357, 1996-Ohio-219,662 N.E.2d 311; State v. Childs (1968), 14 Ohio St.2d 56, 62,236 N.E.2d 545; State v. Leonard (May 21, 1993), Lawrence App. CA92-12; Crim.R. 52(B). "Plain error does not exist unless, but for the error, the outcome at trial would clearly have been different." State v. Leonard, supra, citing State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819;State v. Watson (1991), 61 Ohio St.3d 1, 572 N.E.2d 97.
 {¶ 12} In the case sub judice, appellant contends that upon direct examination, during the state's case-in-chief, the following testimony by Corrections Officer Bradley Massie was erroneously admitted, thereby altering the outcome of the trial.
 {¶ 13} "MR. DROTLEFF: How long would you say that you knew inmate Ford?
 {¶ 14} "MR. MASSIE: How long I knew him? He'd probably been in my unit for close to a year.
 {¶ 15} "MR. DROTLEFF: Is he a troublemaker?
 {¶ 16} "MR. MASSIE: No.
 {¶ 17} "MR. DROTLEFF: No further questions at this time, Your Honor."
 {¶ 18} Appellant is correct in his assertion that this evidence concerning the victim's reputation was erroneously admitted. Evid.R. 404 governs the admission of evidence concerning a victim's character or reputation for a particular character trait. Evid.R. 404 provides in pertinent part:
 {¶ 19} "A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 {¶ 20} "* * *;
 {¶ 21} "(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable." Evid.R. 404(A)(2).
 {¶ 22} Under the rule, testimony concerning the victim's character may be introduced by the defense. See State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68, 759 N.E.2d 1240; State v. Baker (1993), 88 Ohio App.3d 204,623 N.E.2d 672. The rule is quite clear, however, that the prosecution can present testimony concerning the victim's character to rebut evidence concerning the victim's character that has been placed into the record by the defense. Evid.R. 404(A)(2). Since the appellant had yet to put on his case, or any evidence concerning the victim's character, the testimony concerning whether the victim was a "troublemaker" was admitted in contradiction to Evid.R. 404(A)(2).
 {¶ 23} However, although this testimony was improperly allowed, we can not say that it rises to the level of plain error. In other words, this Court cannot find that, but for this single statement that the victim was not a "troublemaker," the outcome of appellant's trial would clearly have been different. See Leonard, supra.
 {¶ 24} Accordingly, appellant's Second Assignment of Error is overruled.
 II. Consecutive Sentences {¶ 25} In his First Assignment of Error, appellant argues that the trial court failed to make the requisite findings under R.C. 2929.14(E) in order to impose consecutive sentences.
 {¶ 26} R.C. 5145.01 provides that if a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment must run concurrently, unless the consecutive sentence provisions of R.C.2929.14 and 2929.41 apply. R.C. 2929.41(A) provides that a sentence of imprisonment must be served concurrently with any other sentence of imprisonment imposed by a court of Ohio, another state, or the United States, unless the court finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E).
 {¶ 27} R.C. 2929.14(E)(4) provides:
 {¶ 28} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 29} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 30} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 32} Further, in order to impose consecutive sentences, a trial court must make certain findings and give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c); State v. Martin,140 Ohio App.3d 326, 2000-Ohio-1942, 747 N.E.2d 318; State v. Brice (June 9, 1999), Lawrence App. No. 98CA24.
 {¶ 33} Thus, in order to impose consecutive sentences, the trial court first must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. See R.C.2929.14(E)(4). Second, the trial court must then find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. See id. Finally, the trial court must also find that one of the three factors listed in R.C. 2929.14(E)(4)(a)-(c) applies. See id.
 {¶ 34} Furthermore, these findings must be affirmatively set forth in the record. See State v. Finch (1998), 131 Ohio App.3d 571,723 N.E.2d 147. "The record `must contain some indication, by use ofspecific operative facts, that the court considered the statutory factors in its determination.'" (Emphasis sic.) State v. Volgares (May 17, 1999), Lawrence App. No. 99CA6, quoting State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-8. In State v. Martin, supra, we held as follows:
 {¶ 35} "The statutory guidelines set out in R.C. 2929.14(E)(4) require a trial court to make three findings before it may impose consecutive sentences. Furthermore, the trial court must state thereasons upon which it based those findings. R.C. 2929.19(B)(2)(c). Theserequirements are separate and distinct. State v. Brice (Mar. 29, 2000), Lawrence App. No. 98CA24 . Failure to comply with either requirement justifies remand of the sentence. Id., State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6 (trial court failed to make specific findings pursuant to R.C. 2929.14(E)), State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589 (trial court made findings required by R.C. 2929.14(E), but failed to give any reasons to support its findings pursuant to R.C. 2929.19(B)(2)(c)). The trial court's findings and reasoning need not appear in the judgment entry, although we have suggested this as the best practice." (Emphasis added.) State v. Martin,140 Ohio App.3d 326, 334, 2000-Ohio-1942, 747 N.E.2d 318; see, also,Volgares, supra.
 {¶ 36} Appellant argues that the trial court failed to make a finding that any of the factors found in R.C. 2929.14(A)(4)(a)-(c) were present. Thus, appellant concludes that the trial court's order, that appellant's sentence for felonious assault be served consecutively to the prison sentence he was already serving at the time he assaulted the victim, was erroneous.
 {¶ 37} On the other hand, the state argues that R.C. 2929.14(E)(4) does not apply because the trial court was not sentencing appellant on "multiple counts," but was sentencing appellant on the sole charge of felonious assault. Thus, the state concludes that the trial court was not required to make any specific findings in order to impose consecutive sentences.
 {¶ 38} Adoption of the state's argument would result in unfettered discretion for trial courts when imposing consecutive sentences upon inmates for crimes committed while in prison. This interpretation is contrary not only to the spirit of Ohio's sentencing laws but also to the clear and unambiguous language of R.C. 5145.01 and 2929.41(A), which state that sentences imposed as in the present case are to be served concurrently unless R.C. 2929.14(E) applies. At least one district has addressed the very argument raised by the state. In State v. Gillman, Franklin App. No. 01AP-662, 2001-Ohio-3968, the Tenth District Court of Appeals held that, "[R.C.] 2929.14(E)(4) gives a trial court the discretion to order a sentence to be served consecutively to any previous or subsequent sentence when the court makes the required findings indicating that the prison terms should be served consecutively."
 {¶ 39} Accordingly, we find that R.C. 2929.14(E)(4) applies to the case sub judice. We now turn to review the record to determine whether the trial court made the requisite findings in order to impose consecutive sentences.
 {¶ 40} The trial court stated in its judgment entry that it had considered "the record, oral statements, any victim impact statement and pre-sentenced [sic] report prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11." Additionally, the trial court stated that it considered the seriousness and recidivism factors in R.C. 2929.12. Finally, the trial court ordered that appellant's sentence for felonious assault was to be served consecutively to any sentence the appellant was presently serving.
 {¶ 41} At appellant's sentencing hearing, the trial court informed the parties that it had received copies of appellant's criminal record from the National Crime Information Center (NCIC) and the Law Enforcement Enhanced Decision Support System (LEEDS). The trial court also acknowledged the adverse reaction appellant's conviction was likely to have on future parole board hearings. The court then stated that a concurrent sentence would demean the seriousness of the offense committed by appellant and ordered that appellant serve a two-year, consecutive sentence.
 {¶ 42} From the record, it is apparent that the trial court did not comply with the requirements of R.C. 2929.14(E)(4). The trial court made a finding that a concurrent sentence would demean the seriousness of appellant's crime (i.e., that consecutive sentences were necessary to punish appellant). See R.C. 2929.14(E)(4). However, the trial court made no finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. See id. Finally, the trial court made no finding that appellant's conduct fell within one of the three factors listed in R.C.2929.14(E)(4)(a)-(c). See id.
 {¶ 43} Accordingly, appellant's First Assignment of Error is sustained. Thus, appellant's sentence should be vacated. See State v.Bellomy (Dec. 19, 2001), Scioto App. No. 00CA2755; Martin, Brice, andVolgares, supra.
 Conclusion {¶ 44} Appellant's First Assignment of Error is sustained and his Second Assignment of Error is overruled. Accordingly, we affirm appellant's conviction, vacate his sentence, and remand for re-sentencing in conformity with Ohio sentencing guidelines and this opinion.
Judgment affirmed in part, Reversed in part, and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED INPART, and the cause remanded to the trial court for further proceedings consistent with this opinion, costs to be taxed equally between the parties.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, P.J.: Concurs in Judgment Only.