DECISION AND JUDGMENT ENTRY
{¶ 1} Joseph Keerps appeals his sexual predator finding and sentence for three counts of rape of a child under thirteen years old. Keerps contends the finding that he is a sexual predator is against the weight of the evidence. Additionally, he contends that his sentence is contrary to law because the court did not make the required findings or state its reasons for imposing consecutive sentences. The trial court's finding that Keerps is a sexual predator is supported by competent, credible evidence. In addition, the trial court, on the record, sufficiently made the necessary findings and stated its reasons before it sentenced Keerps to maximum consecutive sentences. Moreover, the totality of the relevant circumstances provides overwhelming evidence that the trial court did not err in finding Keerps to be a sexual predator or in holding that consecutive sentences are necessary.
 {¶ 2} In January 2000, Joseph Keerps moved in with his cousin's family. At various times Keerps would babysit for his cousin's five year old daughter, S.B. In early 2001, S.B. informed her father that Keerps was sexually abusing her and described various acts of the sexual abuse. Specifically, S.B. told her father, and later children's services, that sometimes when Keerps babysat he would make her look at him naked, kiss him, feel his private spot and put his penis in her private parts. S.B. also revealed that these actions hurt her but she said nothing because Keerps threatened to "whip her butt" if she did not comply. Moreover, S.B. told her father and children's services that this occurred on more than one occasion.
 {¶ 3} During the investigation, an officer interviewed Keerps and he confessed to one instance of sexual abuse. Keerps stated that on one occasion in January 2000, when he was babysitting S.B., he sexually abused her after drinking beer. Keerps confessed that he penetrated S.B.'s vagina and anus with his finger. Although he initially denied it, Keerps also admitted that he did penetrate S.B.'s anus with his penis. Keerps also denied that he ever threatened S.B. but did acknowledge that he told her not to tell anyone. However, after entering his guilty plea but prior to sentencing, Keerps once again denied penetrating S.B.'s vagina or anus with either his penis or finger. In addition, Keerps stated, had he not been drinking beer, these acts would not have happened.
 {¶ 4} Nevertheless, Keerps pled guilty to three counts of rape[1] and admitted to the following statement of facts:
 "In January of 2000, the Defendant was babysitting with a — a child named [S.B.], who was five years old at the time. The babysitting was being conducted in her home at Route 9, Box 464, in Marietta, Washington County, Ohio. And the victim, [S.B.] was not the spouse of Mr. Keerps. [S.B.] related, and Mr. Keerps actually, Mr. Keerps explained in his confession, which was made under Miranda — that he had taken a shower; came out of the shower; [S.B.] was in the living room of their house, watching television; that he penetrated her vagina with his finger, approximately a quarter of an inch — not a great deal, but still enough to constitute a penetration; that he penetrated her anus with his finger, again, as — about to the first joint. Each of these constituting a rape. And the third count, that he inserted his penis in her anus, a slight distance, but again, enough to — constitute penetration."
 {¶ 5} The Washington County Common Pleas Court accepted Keerps guilty plea and found that he knowingly, intelligently and voluntarily entered it. Later, the court held a combined sexual predator/sentencing hearing. The court found that clear and convincing evidence supported a sexual predator finding. Moreover, the court sentenced Keerps to the maximum sentence of ten years on each count to run consecutively, for a total sentence of thirty years. Keerps appealed, assigning the following errors.
 {¶ 6} FIRST ASSIGNMENT OF ERROR — The finding by the trial court that appellant is a sexual predator is against the manifest weight of the evidence.
 {¶ 7} SECOND ASSIGNMENT OF ERROR — The trial court erred in imposing a consecutive sentence without making the requisite factual findings on the record, as required by R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c).
 {¶ 8} In his first assignment of error, Keerps argues that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. We find no merit in this argument because there is some competent credible evidence to support the trial court's finding that Keerps is likely to commit another sexually oriented offense.
 {¶ 9} A sexual predator is defined as a person who has been convicted of, or has pled guilty, to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881. Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C. 2950.09(B)(3). "Clear and convincing evidence" is evidence which will provide in the mind of the trier of fact, a firm belief or conviction as to the facts sought to be established. See Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, and In re Meyer (1994), 98 Ohio App.3d 189, 195. It is considered a higher degree of proof than a mere "preponderance of the evidence," the standard generally utilized in civil cases, but, it is less stringent than the "beyond a reasonable doubt" standard used in criminal trials. The standard of review for weight of the evidence issues, even where the burden of proof is "clear and convincing" retains its focus upon the existence of "some competent, credible evidence." SeeState v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 10} When determining whether an offender should be classified as a sexual predator, a court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). Eppinger,91 Ohio St.3d at 164. A trial court should discuss on the record the particular evidence and factors upon which it relies to support its decision that recidivism is likely. Id. at 166-67. However, a trial court is not required to express its reasoning or make explicit findings on all criteria listed in the statute. It need only consider and address the relevant factors. The R.C. 2950.09(B)(2) factors are: "(a) the offenders age; (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the sexually oriented offense displayed cruelty or made one or more threats of cruelty; (j) any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 11} A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. Under limited circumstances, a court may designate an offender as a sexual predator even in the absence of expert testimony from the state. Eppinger, 91 Ohio St.3d at 162-63.
 {¶ 12} Since the trial court's entry did not include the rationale for its determination that Keerps is a sexual predator, we must review the record in search of the court's compliance with Eppinger.[2] The record reveals that the trial court made the following statement at the sexual offender classification hearing, "a sexual predator is a person who has been convicted of sexually oriented offenses, likely [sic] to engage in the future in one or more sexually oriented offenses. If you'll do it to a six year old, then no one's safe."
 {¶ 13} Here, Keerps meets the first prong of the sexual predator test because he pled guilty to three sexually oriented offenses, i.e., three rapes. In order to meet the second prong there must be clear and convincing evidence that recidivism is likely and the court should discuss, on the record, the R.C. 2950.09(B)(2) factor(s) it relied on in finding that Keerps is likely to commit another sexually oriented offense. The court discussed the victim's age and stated its belief that Keerps is likely to rape again since he raped a six year old girl this time. See R.C. 2950.09(B)(2)(c). In Eppinger, supra, the Ohio Supreme Court accepted the proposition that child molesters are more likely to commit other sexually oriented offenses when it cited a study that revealed recidivism is as high as 72% among child molesters. Eppinger,91 Ohio St.3d at 160-61.
 {¶ 14} In his brief, Keerps concedes that the age of the victim and the victim's statement that he raped her on more than one occasion are relevant factors for the court to consider. But Keerps argues that the existence of these factors does not require the trial court to adjudicate him a sexual predator. Keerps's assertion is legally correct. However, he fails to realize that the existence of these factors provides clear and convincing evidence that the trial court may rely on in adjudicating him a sexual predator. See Mollohan, supra.
 {¶ 15} Moreover, the record contains more evidence from which the trial court could conclude that Keerps is likely to commit another sexually oriented offense. For example, Keerps, as a babysitter and family member, abused a position of trust. His conduct also demonstrated a pattern of abuse by raping S.B. on more than one occasion. See R.C.2929.12(B)(6). See, also, Mollohan, supra. Keerps attempted to shift the blame for this offense to his consumption of alcohol, instead of accepting responsibility himself. See Mollohan, supra. Moreover, after confessing and pleading guilty to all three counts of rape, Keerps later denied penetrating the victim's vagina or anus with his penis, which is another indication that he has not accepted responsibility for his actions. Id. In addition, the Washington County Juvenile Court adjudicated Keerps a juvenile delinquent after he burglarized his neighbor's home in late 1997. R.C. 2929.12(D)(2). Finally, there is evidence that he threatened the victim that if she told anyone about the abuse he would whip her. Therefore, the totality of the relevant circumstances provides clear and convincing evidence that Keerps is likely to commit another sexually oriented offense. Keerps first assignment of error is overruled.
 {¶ 16} Nevertheless, we continue to urge the trial courts of our district to conduct all sexual offender classification hearings in accordance with the model sexual offender classification hearing discussed in State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247,743 N.E.2d 881[3], including, if necessary, sua sponte appointing an expert to testify regarding the likelihood of recidivism.
 {¶ 17} In his second assignment of error, Keerps argues that his sentence is contrary to law because the trial court failed to make the required findings or state its reasons for imposing consecutive sentences. R.C. 2953.08(A)(4) affords a defendant an appeal as of right where the defendant contends the sentence is contrary to law. In this context, we neither substitute our judgment for that of the trial court nor do we defer to its discretion as we did in the past. Rather, we look to the record to determine whether the sentencing court: 1) considered the statutory factors; 2) made the required findings; 3) relied on substantial evidence in the record to support those findings; and 4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11 citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 18} Generally, trial courts in Ohio must impose concurrent prison sentences. R.C. 2929.41(A). But trial courts may impose consecutive sentences under R.C. 2929.14(E)(4) when: "[t]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 19} This inquiry involves a "tripartite procedure." State v.Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender"; second, the court must find that the consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger" he poses; and finally, the court must find the existence of one of the three enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id. The verb "finds," as used in R.C.2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 20} Additionally, the court must comply with R.C.2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * if it imposes consecutive sentences under section 2929.14 of the Revised Code." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21. Therefore, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of the consecutive sentences. Id.
 {¶ 21} In the past, we have first reviewed the sentencing entry and then the record to determine if the trial court has made the appropriate findings and reasons for imposing consecutive sentences. See, i.e., State v. Rich, Pickaway App. No. 00CA46, 00CA47, 2001-Ohio-2613. See, also, State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13, n. 7 (stating that a trial court generally speaks through its judgment entry but courts of appeal are also free to review the record of proceeding). Keerps urges us to reconsider this proposition and look only to the transcript of the sentencing hearing for the trial court's compliance with its statutory duty. The felony sentencing guidelines do not expressly require that we look only to the sentencing transcripts when reviewing consecutive sentences. See R.C. 2929.14 and R.C. 2929.19. See, also, State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576. Therefore, we will continue to look first to the sentencing entry and then the record in search of a trial court's compliance with the felony sentencing guidelines. See Rich, supra.
 {¶ 22} Here, the court stated in its sentencing entry: "[t]he Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and the court also finds the following: 1. The harm the defendant caused was great or unusual." Thus, the trial court explicitly made the first two required statutory findings. However, it is not clear that the trial court made the third finding. It appears that the trial court attempted to make a R.C. 2929.14(E)(4)(b) finding in order to comply with the third prong. But the court did not explicitly state that "[t]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offenders conduct." See R.C.2929.14(E)(4)(b). Therefore, we look to the record.
 {¶ 23} The transcripts reveal that the trial court reviewed the harm to the victim when it stated, "[t]he victim in this case was a — was a six year old child. There was a position of trust here. Mr. Keerps was her babysitter. What she reported to her father was that Mr. Keerps, when he watched her, he made her look at him naked, made her kiss him, made her feel his private areas, and he inserted his penis into her anus. Her mother reports that she still is having nightmares, and is still undergoing counseling * * * You know this is truly a sad situation for everyone concerned." Later, the state made the following inquiry: "Mr. Spahr: Just — just to clarify a point. You indicated the harm that was caused to the child. Did you specifically make a finding that the harm caused was great or unusual, with respect to the consecutive sentences? The Court: Will do. I mean, she's still in counseling, and they don't see — foresee any end to that in the foreseeable future." Therefore, although the court should have, and easily could have, made it clearer that it was making the R.C. 2929.14(E)(4)(b) finding, it is nevertheless apparent to us that the court's statements and its entry are sufficient. See State v. Martin, 140 Ohio App.3d 326,334-35, 2000-Ohio-1942, 747 N.E.2d 318 (holding that a talismanic or verbatim recitation of the statutory language used by the legislature is unnecessary so long as the record clearly indicates that the trial court's determination is proper).[4]
 {¶ 24} We must now address whether the trial court supported its R.C. 2929.14(E)(4) findings with reasons as required by R.C.2929.19(B)(2)(c). We believe that the trial court sufficiently stated its reasons for imposing consecutive sentences for Keerps when it stated, "I can't think of any worse form than raping a six year old child, and it happening on more than one occasion — on more than one time, more than one rape. Therefore, the Court chooses to impose a ten-year sentence on each of the charges that are run consecutive."
 {¶ 25} Moreover, the record supports the imposition of consecutive sentences because the multiple incidents of sexual conduct/contact described by the victim illustrate a clear pattern of abuse. SeeMollohan, supra. Instead of accepting responsibility for his own actions, Keerps attempted to shift the blame for these offenses to his consumption of alcohol. Id. Keerps also refused to accept responsibility when he denied penetrating the victim with his penis after confessing and pleading guilty to the crimes. Id. In addition, the following facts all support the imposition of consecutive sentences in this case: (1) the psychological harm to the victim; (2) this rape was facilitated by Keerps's relationship to the victim, both as a family member and babysitter; and (3) the Washington County Juvenile Court adjudicated Keerps a delinquent in 1997 when he burglarized his neighbor's home. See R.C. 2929.12(B)(2), (6) and R.C. 2929.12(D)(2). Keerps second assignment of error is overruled.
 {¶ 26} Since we find no merit in any of Keerps assignments of error, the trial court's judgment is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] As part of the plea agreement, the state dismissed three counts ofrape with force and recommended a twenty-five year sentence.
[2] The court's sentencing entry stated that it had reviewed the PSIand the R.C. 2950.09(B)(2) factors and that "[b]ased on the evidencebefore the Court, the Court FINDS that the State has proven by clear andconvincing evidence that the Defendant, Joseph Keerps, is a SexualPredator pursuant to Ohio Revised Code Section 2950.01(E), and that he islikely to engage in one or more sexually oriented offenses in thefuture."
[3] In Eppinger, the Ohio Supreme Court suggested a three pronged"model sexual predator classification hearing." Eppinger,91 Ohio St.3d at 166. First, the court should create a sufficient record for review.Id. Second, the state should consider whether an expert is required toassist the trial court in determining if the defendant is likely toengage in one or more sexually oriented offenses in the future. Id.Finally, the trial court should consider the R.C. 2950.09(B)(2) factors.Id.
[4] The view we expressed in Martin, supra, has also been accepted bymany of our sister districts. See, generally, State v. Boshko (2000),139 Ohio App.3d 827, 839, 745 N.E.2d 1111; State v. White (1999),135 Ohio App.3d 481, 486, 734 N.E.2d 848; State v. Finch (1998),131 Ohio App.3d 571, 575, 723 N.E.2d 147; State v. Yirga, Wyandot App.No. 16-01-24, 2002-Ohio-2832; State v. Hanson, Lucas App. No. L-01-1217,2002-Ohio-1522; State v. Rogers, Columbiana App. No. 01CO5,2002-Ohio-1150; State v. Wedge (Dec. 21, 2001), Hamilton App. No.C-000747; State v. Kartashov (July 20, 2001), Ashtabula App. No.2000-A-0039; and State v. Riggs (Oct. 11, 2000), Summit App. No.19846.