DECISION AND JUDGMENT ENTRY
{¶ 1} Bobby Young appeals from his sentence on a charge of robbery with a firearm specification. Young argues that R.C. 2929.14 required the trial court to give reasons to support its finding that more than the minimum sentence was appropriate. Since R.C. 2929.14 and Ohio Supreme Court precedent do not require trial courts to give reasons in support of a finding that justifies imposing more than the minimum sentence, the trial court did not err in this regard. Thus, we affirm Young's sentence.
 {¶ 2} In May 2002, the Adams County Grand Jury indicted Young on one count of aggravated robbery under R.C. 2911.01(A)(1)[1], a first-degree felony, with a three-year firearm specification. Initially Young pled not guilty; however, in August 2002, he changed his plea to guilty of one count of robbery under R.C. 2911.02(A)(1)[2], a second-degree felony, with a one-year firearm specification. As part of his plea, Young acknowledged that in late April 2002[3], he, Jeremy Baldwin, and John Hamilton attempted to rob an Adams County residence. Young also acknowledged that he and Hamilton each had a firearm. In addition, during the attempted robbery, the homeowner of the residence fatally wounded Young's co-defendant, Hamilton.
 {¶ 3} The court accepted Young's plea and sentenced him to five years for robbery and the mandatory one-year for the firearm specification. At the sentencing hearing, the trial court stated, "The Court's had an opportunity to consider the case that's, records involved in this case, the statements and presentence investigation and the recommendation, as well as the principles of sentencing under 2929.11 and2929.12 of the Ohio Revised Code. * * * The Court finds that pursuant to section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct; and the shortest prison term will not adequately protect the public from future crime by the defendant. The Court therefore sentences the defendant to five years of incarceration on the robbery offense, and one year of incarceration on the gun specs, to be served consecutively to and prior to the robbery offense." Moreover, the court's judgment entry stated, "[t]he Court has considered the record, oral statements, any victim impact statements and the pre-sentence investigation report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section2929.12. * * * The Court finds pursuant to Revised Code Section 2929.14(B) that: The shortest prison term will demean the seriousness of the defendant's conduct; and the shortest prison term will not adequately protect the public from future crime by the defendant or others." Following sentencing, Young filed this appeal and assigns the following error: "The trial court erred as a matter of law and to the prejudice of appellant by failing to follow the statutes regarding sentencing."
 {¶ 4} A trial court's sentence is contrary to law, and thus, appealable as of right, if the trial court fails to follow the proper statutory procedure. R.C. 2953.08(A)(4); State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, at ¶ 19; State v. Huck, Washington App. No. 01CA1, 2001-Ohio-2563. We may not reverse a trial court's sentence unless we find by clear and convincing evidence that the record does not support the sentence or that it is contrary to law. R.C.2953.08(G)(2)(b). See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. If we find that the sentence is contrary to law, we may remand for new sentencing, modify the sentence, or vacate the sentence. R.C. 2953.08(G)(2).
 {¶ 5} Unless the statute mandates a prison term, a sentencing court has some discretion in deciding what sanction is appropriate to satisfy the purposes and principles of sentencing. R.C. 2929.11 and R.C.2929.12(A). However, second-degree felonies carry a presumption in favor of imprisonment. R.C. 2929.13(D). If the trial court finds that a prison sentence is necessary, second-degree felonies are punishable by a definite term of imprisonment of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
 {¶ 6} Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, State v. Edmonson, 86 Ohio St.3d 324, 325,1999-Ohio-110, 715 N.E.2d 131. However, even when the offender has not previously served a prison term, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2); Edmonson,86 Ohio St.3d at 325. The trial court is not required to give specific reasons for its finding that the minimum prison term is inappropriate.Edmonson, 86 Ohio St.3d 324, syllabus. But, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Edmonson, 86 Ohio St.3d at 326.
 {¶ 7} Here, Young contends his sentence is contrary to law because the trial court failed to follow the statutes regarding sentencing. Specifically, Young argues Ohio Supreme Court precedent as well as R.C.2929.14(B) and (C) required the trial court to provide findings and
reasons before it sentenced him to a sentence beyond the minimum. This is simply not the case.
 {¶ 8} R.C. 2929.14(B) provides, if the offender has not served a previous prison term "the court shall impose the shortest prison term authorized * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." [Emphasis Added]. R.C. 2929.14(C) has no bearing on the trial court's imposition of more than the minimum but less than the maximum sentence; it merely limits a trial court's authority to impose a maximum sentence. R.C. 2929.14(C); State v. Rich, Pickaway App. No. 00CA46, 00CA47, 2001-Ohio-2613. Moreover, in Edmonson the Ohio Supreme Court explicitly stated, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Edmonson, 86 Ohio St.3d 324, syllabus. See, also, State v. Martin, 140 Ohio App.3d 326, 335, 2000-Ohio-1942,747 N.E.2d 318; Griffin Katz, Ohio Felony Sentencing Law (2002 Ed.) 127-131 and 660-663. Since the trial court provided the required findings in its judgment entry and it was not required to provide reasons before imposing more than the minimum prison sentence, the trial court did not err in sentencing Young.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J., Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 2911.01(A)(1) states in part: "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code * * * shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
[2] R.C. 2911.02(A)(1) states in part: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control.
[3] Since Young committed the robbery in April 2002 and several amendments (none substantive) have occurred since that time, our references are to the statutes in effect at the time Young committed the robbery.