DECISION AND JUDGMENT ENTRY
{¶ 1} David M. Persons appeals the Meigs County Common Pleas Court's judgment of conviction and sentence. Appellant entered guilty pleas to breaking and entering, receiving stolen property, vandalism, and attempted intimidation. The trial court subsequently sentenced appellant to the maximum term of imprisonment for each offense and ordered the sentences to be served consecutively, for a total prison term of five years. Appellant raises eight assignments of error, each challenging various aspects of his guilty pleas.
 {¶ 2} We find appellant's seventh assignment of error dispositive and will not address appellant's remaining assignments of error. Appellant's seventh assignment of error asserts, in part, that his guilty pleas are void because trial counsel rendered ineffective assistance of counsel by improperly advising appellant as to his eligibility for judicial release. Appellant claims that because his trial counsel, the prosecuting attorney, and the trial court misinformed appellant that he would be eligible for judicial release after serving two years of his five-year prison term, he did not knowingly, intelligently, and voluntarily plead guilty. We conclude that because trial counsel incorrectly advised appellant that he would be eligible for judicial release after two years, appellant did not enter his pleas knowingly or intelligently. Thus, we agree with appellant that his guilty pleas are void, and we reverse the trial court's judgment.
 {¶ 3} In April 2002, the Meigs County Prosecuting Attorney filed a bill of information charging appellant with (1) breaking and entering, in violation of R.C. 2911.13(A), (2) receiving stolen property, in violation of R.C. 2913.51(A), (3) vandalism, in violation of R.C. 2909.05(B)(1)(a), and (4) attempted intimidation, in violation of R.C. 2923.02. Subsequently, appellant and the state entered into a plea agreement. To that end, appellant filed a "petition to enter plea of guilty." In the petition, appellant agreed to plead guilty to all four counts contained in the bill of information. The petition noted that in exchange for appellant's guilty pleas to the four offenses, the state agreed to recommend that the trial court sentence appellant to consecutive terms of imprisonment of (1) one year for the breaking and entering offense, (2) eighteen months for the receiving stolen property offense, (3) one year for the vandalism offense, and (4) eighteen months for the attempted intimidation offense. The state further agreed that after appellant had served two years of his five-year prison term, it would recommend and join in a motion for judicial release.
 {¶ 4} At the April 2002 plea hearing, the prosecutor informed the court that the state had agreed that after appellant served two years of his five-year sentence, it would recommend and join in a motion for judicial release. The prosecutor advised: "Judge, I guess what I'm going to tell you at sentencing is, I'm going to recommend that five years be the sentence that you just impose two years and the three years be suspended, but if you want to sentence him to all five, I'm still going to join in and recommend probation in the form of shock probation or suspended sentence after two years also."
 {¶ 5} After listening to the prosecutor and appellant's trial counsel recount the plea agreement, appellant told the trial court that he understood and agreed to the plea agreement.
 {¶ 6} On April 4, 2002, the trial court accepted appellant's guilty pleas. The court determined that appellant knowingly, intelligently, and voluntarily entered his plea, with a full understanding of the nature of the charges and of the possible penalties.
 {¶ 7} On April 15, 2002, the trial court conducted a sentencing hearing. At the hearing, the prosecutor asked the court to sentence appellant to five years imprisonment but to suspend three years. In response to the state's request, the court stated: "The Court's going to impose a * * * The reason I'm doing * * * One of the reasons I'm doing this, the Victim Impact Statement says that they understand that after [appellant] has served two full years that he will ask that the balance of his sentence be suspended and he be placed on community control and the condition that he attend and successfully complete a six-month residential substance abuse treatment program and make restitution. So, I'm going to sentence him to five years with the * * * I'm inclined to go along with this * * * but I don't want to see a bad institutional record and I certainly don't want to see you being charged with dope in the penitentiary. * * * Just behave yourself and [your attorney] will make the appropriate motions to the Court in one year and nine months or something." (omissions in original).
 {¶ 8} On April 17, 2002, the trial court sentenced appellant to the following consecutive terms of imprisonment: (1) one year for breaking and entering, in violation of R.C. 2911.13(A); (2) eighteen months for receiving stolen property, in violation of R.C. 2913.51(A); (3) one year for vandalism, in violation of R.C. 2909.05(B)(1)(a); and (4) eighteen months for attempted intimidation, in violation of R.C.2923.02.
 {¶ 9} Appellant timely appealed the trial court's judgment and raises the following assignments of error: "FIRST ASSIGNMENT OF ERROR
— The court committed plain error and abused its discretion in using 2923.02 to enhance 2921.04 two degrees since 2921.04 is already an attempted offense. SECOND ASSIGNMENT OF ERROR — The trial court erred in failing to comply [with] R.C. Chapter 2929. THIRD ASSIGNMENT OFERROR — The trial court erred, to the prejudice of the appellant, by accepting a guilty plea which was not given knowingly and voluntarily. FOURTH ASSIGNMENT OF ERROR — It was plain error for the court to sentence the appellant under 2921.04(B) when the party threatened was neither a witness to a crime nor a victim nor an attorney but rather a police officer who was not a witness nor victim nor attorney but simply assigned to transport the appellant. FIFTH ASSIGNMENT OFERROR — It was error for the court to convict the appellant of both O.R.C. 2911.12, Breaking and Entering, and O.R.C. 2902.05[,] Vandalism[,] since these were each committed without any separate animus and are thusly offenses of similar import. SIXTH ASSIGNMENT OF ERROR — It is error for the court to have sentenced the appellant under O.R.C.2921.04(B) when it is unclear whether or not appellant was either charged with or thought he was pleading guilty to 2921.04(B) since the record and the bill of information plead to reads as 2921.04(A) while the statute number referred to is 2921.04(B). SEVENTH ASSIGNMENT OF ERROR — The guilty plea is void since the counsel for the appellante [sic] failed to investiga[t]e the charge contained in Count No[.] Four and Count No[.] Three and failed to properly advise the appellant as to eligibility to judicial release. EIGHTH ASSIGNMENT OF ERROR — It is error for the court to accept a guilty plea when both his counsel, prosecuting attorney and trial judge had erroneously assured him that he would be eligible for judicial release after having served 30 days each consecutive count thusly being eligible for the court to grant him judicial release pursuant to O.R.C. 2929.20 in two years rather than the four years actually required prior to being so eligible pursuant to O.R.C. 2929.[2]0.(B)(1)(b)."
 {¶ 10} We find appellant's seventh assignment of error dispositive. There appellant argues that his guilty plea is void, in part, because his trial counsel failed to properly counsel him. Appellant essentially asserts that trial counsel rendered ineffective assistance of counsel by failing to properly advise him on his eligibility for judicial release. We agree. Trial counsel, as well as the prosecutor and the trial court, incorrectly assumed that appellant would be eligible for judicial release after serving two years of his five-year prison term. However, under R.C. 2929.20(B)(1)(b), appellant is not eligible for judicial release until he serves four years of his five-year prison term. Therefore, we agree with appellant that his guilty pleas are void.
 {¶ 11} A defendant who pleads guilty waives the right to claim ineffective assistance of counsel on appeal, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary. See State v. Jacobson, Adams App. No. 01CA730,2003-Ohio-1201 (citing State v. Spates (1992), 64 Ohio St.3d 269, 272-73, 595 N.E.2d 351; State v. Kelley (1991), 57 Ohio St.3d 127, 129,566 N.E.2d 658). Generally, in order to prove a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced the defense. See, e.g., Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. In order to show that trial counsel performed deficiently and that trial counsel's deficient performance prejudiced the defense, the defendant must overcome the strong presumption that attorneys licensed to practice in Ohio are presumed competent. SeeBradley, 42 Ohio St.3d at 142; State v. Hamblin (1988), 37 Ohio St.3d 153,155-56, 524 N.E.2d 476. Furthermore, when asserting ineffective assistance of counsel on appeal from a guilty plea, a defendant must also demonstrate that a reasonable probability exists that, but for trial counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart (1985), 474 U.S. 52,58-59, 106 S.Ct. 366, 88 L.Ed.2d 203; see, also, Jacobson; State v.Parker (Jan. 6, 1998), Washington App. No. 96CA35.
 {¶ 12} "[E]rroneous legal advice as to eligibility for judicial release that induces a plea of guilty might constitute ineffective assistance of counsel" State v. Pape (Nov. 21, 2001), Clark App. No. 2000CA98; see, also, State v. Martin (2000), 140 Ohio App.3d 326, 333,747 N.E.2d 318. When an erroneous understanding of the applicable law induces a defendant's guilty plea, the plea generally is not entered knowingly and intelligently. See State v. Engle (1996), 74 Ohio St.3d 525,527-28, 660 N.E.2d 450; State v. Cook, Putnam App. No. 12-01-15,2002-Ohio-2846; State v. Bush, Union App. No. 14-2000-44,2002-Ohio-6146.
 {¶ 13} For example, in Engle, the defendant pled no contest based upon the erroneous assumption that the defendant could then appeal the trial court's refusal to allow testimony on the battered woman syndrome or duress and the trial court's refusal to dismiss the charges for insufficient evidence. The Ohio Supreme Court determined that because the defendant entered the plea upon trial counsel's, the court's, and the prosecutor's erroneous assumption that the defendant could appeal the issues, the defendant's plea was not knowingly or intelligently entered.
 {¶ 14} In Bush, the defendant pled guilty upon the erroneous assumption that the defendant would be eligible for judicial release "upon serving not less than thirty days nor more than 90 days." However, because the trial court imposed the maximum consecutive sentences for a total of five and one-half years, R.C. 2929.20(B)(1)(c) required the defendant to serve five years before he could be eligible for judicial release. On appeal, the court determined that because an erroneous assumption induced appellant's plea, the plea was not knowingly or intelligently entered.
 {¶ 15} Similarly, in Cook, the defendant was misinformed as to his eligibility for judicial release, which was a specific part of his plea agreement. On appeal, the court held that when judicial release is an express part of a plea agreement and when trial counsel and the trial court misinform a defendant as to the defendant's eligibility for judicial release, the defendant's guilty plea is not knowing or intelligent. The court explained: "In sum, when reviewing the record, it appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether Cook was eligible for judicial release. We believe a fundamental error of this nature, which is corroborated by the record, is sufficient to void the plea * * *." Id. at ¶ 12.
 {¶ 16} In this case, appellant pled guilty upon trial counsel's and the state's assurances that he would be eligible for judicial release after serving two years of his five-year sentence. Furthermore, the trial court attempted to sentence appellant in accordance with the state's recommendation that appellant serve two years in prison, with the remaining three years suspended. However, all parties involved in securing appellant's guilty pleas were misinformed as to appellant's eligibility for judicial release. Under R.C. 2929.20(B)(1)(b),[1]
appellant is not eligible for judicial release until he serves four years of his five-year sentence. Thus, trial counsel did not correctly advise appellant as to his eligibility for judicial release. The trial court's and the state's misunderstanding of appellant's eligibility for judicial release further compounded trial counsel's error. Because appellant was misinformed as to a material term of the plea agreement, we conclude that appellant did not enter his guilty pleas knowingly or intelligently. But for trial counsel's erroneous legal advice and the state's incorrect assumption, appellant would have sought a plea agreement that included terms allowing for judicial release after two years. As the plea agreement now stands, appellant is not eligible for judicial release until he serves four years of his prison term. Consequently, we find that appellant has demonstrated that trial counsel rendered ineffective assistance of counsel. See, generally, Bush, supra; Cook, supra. Therefore, appellant's guilty pleas are void.
 {¶ 17} Because appellant's seventh assignment of error is dispositive, we decline to address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2929.20(B)(1)(b) provides: "Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time: * * * * If the stated prison term is five years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term."